JEREMY D. WARREN
California Bar No. 177900
105 West F Street, Suite 215
San Diego, California 92101
(619) 234-4433

Attorney for Defendant Zamora

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MANUEL ZAMORA-FLORES,<br>Defendant. | Case No. 08cr1555-BEN<br><br>MOTION FOR JOINDER IN CO-DEFENDANT PICAZO'S MOTIONS TO:<br>(1) PROVIDE DISCOVERY,<br>(2) REVEAL CONFIDENTIAL INFORMANTS,<br>(3) PROVIDE ATTORNEY VOIR-DIRE,<br>(4) PRESERVE EVIDENCE<br>(5) REVIEW PERSONNEL FILES,<br>(6) PROVIDE NOTICE OF INTENT TO USE EVIDENCE,<br>(7) FOR SEVERANCE OF DEFENDANTS<br>(8) FOR LEAVE TO FILE FURTHER MOTIONS<br><br>MOTION FOR SEVERANCE |

**I.**

**MOTION FOR JOINDER IN MS. PICAZO'S MOTIONS**

Manuel Zamora-Flores, the above-named defendant, by and through his attorney Jeremy D. Warren, respectfully moves the Court for an order permitting him to join in the pretrial motions filed by his codefendant (and wife) Esmeralda Picazo. Specifically, Mr. Zamora seeks leave to join in the following of Ms. Picazo's motions filed on June 16, 2007 in docket number 26:

(1) for discovery,

(2) to reveal confidential informants,

(3) to provide attorney voir-dire,

(4) to preserve evidence,

(5) to review of personnel files,

(6) for notice of intent to use evidence,

(7) for severance, and

(8) for leave to file further motions.

## II.

## MOTION FOR SEVERANCE BASED ON *BRUTON*

In addition to the arguments made by Ms. Picazo, Mr. Zamora believes that his case should be severed based on the principals of *Bruton v. United States*, 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968), which held that where one defendant's confession inculpates another defendant, the confession cannot be admitted into evidence because there is a "substantial risk that the jury, despite instructions to the contrary, [will look] to the incriminating extrajudicial statements in determining petitioner's guilt . . . ." Here, Ms. Picazo allegedly confessed that she and her husband Mr. Zamora were being paid $1,000 to participate in the smuggling venture.

Because this alleged confession specifically and directly implicates Mr. Zamora, and because it constitutes otherwise inadmissible hearsay against Mr. Zamora, the statement must either be precluded or redacted or, should the government be unwilling to forego this evidence against Ms. Zamora, the trials should be severed. *See United States v. Yarbrough*, 852 F.2d 1522, 1536 (9th Cir. 1988) (requiring severance where codefendant's post-arrest confession is powerfully incriminating or clearly inculpate the defendant); accord Fed. R. Crim. Pro. 14 ("If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires").

Respectfully submitted,

/s Jeremy Warren

Dated: June 16, 2008

JEREMY D. WARREN
Attorney for Defendant Zamora

## PROOF OF SERVICE

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA. I am over eighteen years of age. My business address is 105 West F Street, Fourth Floor San Diego, CA 92101.

On June 16, 2008, I personally served the following documents:

**MOTION FOR JOINDER, MOTION FOR SEVERANCE**

on the below attorneys by electronic filing:

Assistant United States Attorney Christina McCall

Co-counsel Michael Crowley and Barbara Donovan

Counsel for Material Witnesses Ciro Hernandez

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on June 16, 2008 at San Diego, CA.

/s Jeremy Warren

________________________________
Jeremy D. Warren