Barbara M. Donovan, Esq.
DONOVAN & DONOVAN
California State Bar No. 232187
The Senator Building
105 West F Street, Fourth Floor
San Diego, California 92101
Telephone: (619) 696-8989

Attorney for Defendant Gobea-Lopez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HON. ROGER T. BENITEZ)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO LOPEZ-MARTINEZ,<br>T/N CARLOS ALBERTO GOBEA-LOPEZ<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08-CR 1555-BEN<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS**<br><br>Date: June 30, 2008<br>Time: 2:00 P.M. |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On April 30, 2008, at approximately 8:15 pm agents observed a red Lincoln Navigator exiting the eastbound lanes of Interstate 8 and then immediately re-enter onto the westbound lanes near Pine Valley. The vehicle was then observed exiting 8 at Highway 79 and re-entering 8 going eastbound. The agent observed the vehicle pull over to the side of the Interstate at the Corte Madera Road Bridge behind a gray Dodge pickup truck registered to Picazo from Chula

Vista, Ca. A male was seen exiting the Navigator and entering the gray pick-up truck. Several minutes later agents observed the two vehicles at a different location on the side of Interstate 8, on the westbound shoulder near the east end of the Pine Valley Creek Bridge with their hazard flashers activated. The vehicles were observed about five minutes later traveling together on westbound Interstate 8. Agents claim that during this stage of the surveillance they were able to get a good enough look at both the driver and passenger of the Doge Ram truck so as to be able to identify them. Just past the Willows Road exit the driver of the Dodge Ram exited at Willows Road abruptly. When the agent activated his emergency lights and sirens the Dodge sped away driving recklessly until it struck a curb and stopped.. Several individuals were observed exiting the bed of the truck and running. The agent was able to apprehend seven individuals including the defendant. All of the apprehended identified themselves as citizens and nationals of Mexico illegally in the United States. All seven were arrested and transported to the El Cajon Border Patrol Station.

At approximately 8:35 p.m., the Lincoln Navigator was stopped by an agent near the Tavern Road exit in Alpine, CA. The driver was later determined to be Esmeralda Picazo and the passenger, Manuel Zamora-Flores, were arrested for suspicion of Alien Smuggling and transported to the same border patrol station.

Defendant Gobea Lopez was Mirandized and initially gave a exculpatory statement. When he was approached at a later time that evening by the agent he gave a statement to the effect that he was hired by a smuggler to help guide undocumented aliens in illegally crossing the border. He was to be paid after the aliens were delivered and fees collected.

Two of the three material witnesses identified the defendant as the passenger in the front of the Dodge who helped lead them across the border.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Carlos Alberto Gobea-Lopez moves for the production by the government of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

**A. Mr. Gobea-Lopez is Entitled to Discovery of His Statements.**

Pursuant to Rule 16(a)(1)(A), Brady v. Maryland, 373 U.S. 83 (1963), and the Fifth and Sixth Amendments to the United States Constitution, Mr. Gobea-Lopez requests disclosure of any statements, whether oral, written, or recorded made by him which are in the possession, custody, or control of the government, or which by the exercise of due diligence may become known to the government, regardless of to whom made. This includes copies of any written or recorded statements he made; the substance of any statements made by Mr. Gobea-Lopez which the government intends to offer in evidence at trial. Mr. Gobea-Lopez also specifically requests that all arrest reports which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, recordings (audio or visual), reports, transcripts or other documents in which statements of Mr. Gobea-Lopez are contained. It also includes the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968). Mr. Florez-Martinez also requests any response to any Miranda warnings

which may have been given to him, on the date of his arrest. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982). This request includes all statements made by Mr. Gobea-Lopez to state officials as well or any individuals whom are cross-designated.

**B. Prior Convictions or Prior Similar Acts.**

Rule 16(a)(1)(B) of the Fed. R. Crim. P., provides that "upon request of the defendant, the government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government . . . ." Mr. Gobea-Lopez, therefore, requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

Mr. Gobea-Lopez also requests the government be ordered to provide discovery of any prior similar acts which the government intends to introduce into evidence pursuant to Fed. R. Evid. 404(b). Mr. Gobea-Lopez must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See United States v. Cook, 608 F.2d 1175 (9th Cir. 1979), cert. denied, 444 U.S. 1034 (1980).

Mr. Gobea-Lopez requests a pre-trial conference on the morning of trial in order to resolve any issues raised by the government's intention of introducing evidence pursuant to Fed. R. Evid. 404 and 609.

**C. Mr. Gobea-Lopez is Entitled to Examine the Evidence the Government Intends to Rely Upon at Trial.**

Rule 16(a)(1)(C) authorizes a defendant to inspect and copy or photograph all books, papers, documents, photographs, and tangible objects which are in the possession, custody or control of the government and which are material to the preparation of the defense or intended for use by the government as evidence in it case during trial.

**(1)** Specifically, Mr. Gobea-Lopez requests the opportunity to inspect and photograph all evidence seized from him, all fingerprint analysis done on any of the evidence in this case, all

identification procedures utilized by the government agents;

**(2)** The defense requests all evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C); and any books, papers, documents, photographs, tangible objects, or copies or portions thereof which the government intends to use as evidence-in-chief at trial;

**(3)** Mr. Gobea-Lopez requests all arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports, including videotape of the alleged interrogation in this case, pertaining to Mr. Gobea-Lopez and the material witness.. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I). Mr. Gobea-Lopez specifically requests that all dispatch tapes or any other audio or visual tape recordings which exist and which relate in any way to his case and or his arrest be preserved and provided in their entirety; and

**(4)** Mr. Gobea-Lopez requests all other documents and tangible objects, including clothing, notes, books, papers, documents, photographs, and copies of any such items which were obtained from or belong to Mr. Gobea-Lopez.

**(5)** The defense requests all photographs, video tapes or other material used to memorialize the surveillance and or interrogation or interviews done in this case.

**D. Mr. Gobea-Lopez is Entitled To All Evidence Tending To Affect The Credibility of The Prosecution's Case.**

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), and Giglio v. United States, 405 U.S. 150 (1972), Mr. Gobea-Lopez requests the Court to order the government to immediately disclose all evidence in its possession favorable to Mr. Gobea-Lopez on the issue of guilt and which tends to affect the credibility of the prosecution's case. This request specifically includes any impeaching evidence such as the prior records, of any material witnesses in this case. This request also includes any expressed or implied promises made by the government to any material witnesses in exchange for their testimony in this case.

See, e.g., United States v. Bagley, 473 U.S. 667 (1985); Napue v. Illinois, 360 U.S. 264 (1959); United States v. Gerard, 491 F.2d 1300 (9th Cir. 1974).

The defense requests any and all evidence including but not limited to:

**(1)** any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir.), cert. denied, 489 U.S. 1032 (1988); United States v. Brumel-Alvarez, 991 F.2d 1452 (9th Cir. 1992) (Ninth Circuit Court reversed Judge Enright for failure to turn over the "Levine Memorandum" which contained information critical about a government witness);

**(2)** any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady; any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

**(3)** any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

**(4)** the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses).

**(5)** the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government

witness. United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

**(6)** the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify her or who was unsure of her identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

**E. Mr. Gobea-Lopez is Entitled to Any Information That May Result in a Lower Sentence Under The Guidelines.**

This information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines;

**F. The Defense Requests the Preservation of All Evidence.**

The defendant specifically requests that all audio or video tapes such as dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case or in the other charges alleged in the indictment be preserved. This request includes, but is not limited to, any samples (including but not limited to blood, urine, fingerprints or narcotics) used to run any scientific tests, tape of the interrogation of any witness or defendant, and any evidence seized from any third party.

It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence;

**G. <u>The Defense Requests All Jencks Material</u>.**

The defense requests all material to which Defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including audio and visual tape recordings, such as dispatch tapes, and all notes or reports with regard to his preparation for testifying. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

**H. <u>Mr. Gobea-Lopez requests all other information relevant to his defense</u>.**

The defendant requests disclosure of evidence including but not limited to the following:

**(1)** Any statement that may be "relevant to any possible defense or contention" that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

**(2) Notice and a Written Summary of Any Expert Testimony**

Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications."

Mr. Gobea-Lopez specifically requests the government give him a written summary and notice of any expert testimony the government intends to introduce;

**(3) <u>Giglio Information</u>**

Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises express or implied made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses; and

**(4) Henthorn Search**

The defense requests that the prosecutor or some other attorney familiar with the case be ordered to examine the personnel files for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory to Mr. Florez-Martinez and that material be provided to the defense. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

**(5) Reports of Scientific Tests or Examinations**

Pursuant to Fed. R. Crim. P. 16(D), Mr. Gobea-Lopez requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any **fingerprint testing** done upon any evidence seized in this case;

**(6) Brady Material**

The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or **which affects the credibility** of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

**(7) Personnel Records of Government Officers Involved in the Arrest**

______The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of her, pursuant to Pitchess v. Superior Court, 11 Cal.3d 531, 539 (1974). Because of the sensitive nature of these documents, the government is the only source for obtaining these documents.

III.

**Mr. GOBEA-LOPEZ REQUESTS LEAVE TO FILE FURTHER MOTIONS**

At the time of preparation of these motions, Mr. Gobea-Lopez and defense counsel has received limited discovery from the government. There appears to be substantial additional discovery that has not as yet been turned over. It is therefore requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that the court grant the above motions.

DATED: June 16, 2008 Respectfully submitted,

S/ Barbara M. Donovan
BARBARA M. DONOVAN
Attorney for Defendant
CARLOS ALBERTO GOBEA-LOPEZ

gobea-lopez-disc-mtn

DONOVAN & DONOVAN
Barbara M. Donovan
Attorney at Law
The Senator Building
105 West F. Street - 4th floor
San Diego, CA 92101

U.S.D.C. No.08-CR-1555(BEN)

DECLARATION OF SERVICE

I, undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which county the within mentioned delivery occurred, and not a party to the subject cause. My business address is 105 West F. Street, San Diego, California. I served the Defendant's Notice of Motion, Motion and Memorandum of Points and Authorities, of which a true and correct copy of the documents filed in this cause is affixed, by electronic filing to:

Christina McCall, Assistant U.S. Attorney
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92188

The electronic filing was done by me at San Diego, California, on June 16, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2008 at San Diego, California.

s/ Barbara M. Donovan

Barbara M. Donovan